UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD PERKINS,

    Plaintiff,

vs                                              Case No: 14-14146
                                               Honorable Victoria A. Roberts

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## **ORDER GRANTING MOTION TO DISMISS**

In his Complaint against the United States Postal Service, Mr. Perkins alleges the Defendant damaged or lost a package mailed to him by a third party. His claims are for breach of contract for failing to deliver and negligence under Michigan law. The Defendant's first responsive pleading is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6); the Defendant says the Federal Tort Claims Act ("FTCA") bars claims for damage to packages during the process of delivery and mail. 23 U.S.C. § 2680(b).

The Defendant also argues that Mr. Perkins' breach of contract arises from his tort action, and he cannot circumvent the exclusive remedy under the FTCA by couching his claim as a breach of contract claim.

Finally, Defendant argues that even if Mr. Perkins could bring these actions, he failed to exhaust administrative remedies.

Mr. Perkins responded to the Defendant's motion to dismiss. He does not deny that there were administrative remedies to exhaust; he also acknowledges that a cause of action cannot be brought if postal workers are acting within the scope of their

employment when damage occurs. Mr. Perkins attempts to get around this requirement by arguing that opening or confiscating mail is not within the scope of employment; and that his package was damaged during "unauthorized opening and theft of contents." However, there is no allegation of intentional conduct in his Complaint.

The Court **GRANTS** the defense motion for several reasons:

1. The FTCA bars "[a]ny claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

2. Because the statute bars Mr. Perkins' claim, he has no remedy under the FTCA, even if the Court construes the actions he describes in his brief that he took, as attempts to exhaust administrative remedies.

3. While exhaustion is not required for an intentional tort, Mr. Perkins does not plead intentional conduct. Even if he had, it would be barred by the intentional tort exemption to the FTCA. 28 U.S.C. § 2680(h).

4. Even though Mr. Perkins pleads two claims, his only claim is for negligence and he cannot transform a negligence claim into one for breach of contract.

5. For the reasons stated in 1 above, Mr. Perkins cannot bring this particular cause of action.

Defendant's motion to dismiss is **GRANTED**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 2, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 2, 2015.

s/Linda Vertriest
Deputy Clerk